**Donald D. duBoulay**                        **305 Broadway, Suite 602**
 Attorney at Law                             New York, NY 10007

Telephone: (212) 966-3970
Fax:      (212) 941-7108
E-mail:    dondubesq@aol.com

May 8, 2026

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re: United States v. Anauncia Rogers
     22 Cr. 321 (JMF)

Dear Judge Furman:

     This memorandum is respectfully submitted on behalf of Anauncia Rogers, who will appear before you for sentencing on May 13, 2026, Ms. Rogers has accepted full responsibility for her involvement in this offense. She fully recognizes that participating in the offense charged was deeply wrong and inconsistent with her otherwise productive and law-abiding life. She is aware that she has brought tremendous pain and hardship to her family, and risks losing her family by her actions, and is genuinely remorseful, as fully evidenced by her actions subsequent to her arrest.

     The abiding question a sentient Court confronts when tasked with imposing a 'just sentence' upon the accused, often is; who is this person that stands before me for sentencing? Is she the purposeful, possibly sinister malefactor reflected by the nature of her misconduct, deserving of severe punishment or are there factors in the circumstance of the offense conduct which may inform a more reasoned sentence, reflecting the harm caused, and yet providing a way forward for the defendant to continue the meaningful and productive life she led prior to this offense.

     It is respectfully submitted that upon review of the life of Anauncia and the circumstances which led to her involvement in this offense; an understanding of her ill-advised error in judgment, that  culminates in her appearance before you on for sentencing  for sentencing, will reveal she is not malevolent, nor is she likely to repeat the offense that she is convicted of, and is deserving of a sentence with the least prohibitions so that she can fully engage in mothering and supporting her children.

<u>Personal History and Characteristics and Offense Conduct</u>

Ms. Rogers has not had an easy life. She was raised in an impoverished environment, where even the necessities were oftentimes wanting. She and her siblings were raised primarily by her mother, and she did not have a positive relationship with her father in the brief times he was around. She witnessed domestic violence against her mother throughout her formative years and into her teen years and was herself subject to physical and emotional abuse as a young teen. And as noted in the pre-sentence report (PSR) was a victim of sexual violence. ¶85.

It is difficult to gauge how the violence that a young woman is subjected to informs later choices she makes. Often it makes one vulnerable to persons who affect love or sympathy or even interest. In any case Anauncia met and married her co-defendant Ronald Rogers. Little did she know that he was already in the business of gun trafficking. Mr. Rogers induced Anauncia to abet his scheme, She complied willingly and then out of fear. Shortly after the birth of their first child physical abuse began. There were threats, punches, slaps, shoves. She was afraid of Ronald Rogers. Anauncia separated from Ronald Rogers about six months prior to her arrest in this case. The parties are now divorced.

Ms. Rogers is gainfully employed in the Quality control section of McCormack Flavor factory in Atlanta. She has been gainfully employed full time, supporting her three children since her arraignment and release to supervision in June 2022. She will be working the 10:00 p.m. to 6:30 a.m. shift once at McCormack once her training period ends in a matter of weks. She resides with her mother and her three children. As discussed in the PSR, one of her children has serious medical issues. ¶ 87

<u>All the §3553 (a) factors support a sentence of time served.</u>

" A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime". *United States v. Cavera,* 550 F.3d 180, 188 (2d Cir, 2008). In reaching its sentencing decision, the court must consider each of the factors set forth in 18 U.S.C. §3553 (a) to make an individualizes sentencing determination. *See, e.g. United States v. Booker*, 543 U.S. 220, 245-46 (2005). Although the Court must begin by calculating the Guidelines, they "are not only not mandatory on sentencing courts; they are also not to be presumed reasonable," *Nelson v. United States*, 555 U.S. 350, 352 (2009).

In addition to the advisory Guidelines, sentencing courts must consider, among other factors, the nature and circumstances of the offense; the history and characteristics of the defendant; and the need to provide just punishment, promote respect for the law, and adequately deter crime. A consideration of these factors, it is respectfully submitted weigh in support of a sentence of time served.

Conclusion

What is the appropriate sentence for a person whose criminal acts are out of character with her otherwise exemplary life. Whose main reason for engaging in these actions was the instigation and demand of her abusive husband? It is respectfully requested that the court temper justice with mercy and grace considering Anauncia's whole life and sentence her to time served.

Respectfully submitted,

_____/s/_____
Donald duBoulay, Esq
Counsel for Anauncia Rogers
305 Broadway, Suite 602
New York, New York 10007
(212) 966-3970

cc: All counsel (by ECF)